IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STACEY HEMPHILL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-11-1192-HE |
| | ) |
| **JUSTIN JONES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brings this action alleging violations of his civil rights while housed at the Clara Waters Community Correctional Center (CWCCC). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). At issue is Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order [Doc. 10]. For the following reasons, it is recommended that the motion be denied.

### Plaintiff's Underlying Claims and Request for Relief

Plaintiff asserts that he is a member of the religious group "'Nation of Gods and Earths,'" which requires him to strictly observe dietary laws, including adherence to a vegetarian "non-pork/non-beef" diet. Amended Complaint, pp. 4, 6 [Doc. No. 9]. Although his Amended Complaint spans 29 pages and includes claims against 12 different prison officials, the crux of Plaintiff's relevant allegations stem from incidents occurring at CWCCC and involving: 1) a one-time denial of a vegetarian tray, 2) nutritional inadequacy of his

vegetarian diet, and 3) periodic contamination of his vegetarian tray with jello which contains animal product. *See id.*, *passim*.

The original Complaint in this action was filed by Plaintiff, in October of 2011, while he was incarcerated at CWCCC. *See* Complaint, p. 1. According to Plaintiff, he was transferred from CWCCC to the Mack Alford Correctional Center (MACC) shortly thereafter. *See* Notice [Doc. No. 5]. Plaintiff filed an Amended Complaint on or about November 28, 2011, adding several defendants, all of whom were officials or employees at CWCCC. At the same time, Plaintiff filed the instant motion seeking to "enjoin the Defendants, Department of Corrections, all State of Oklahoma ex rel., Department of Corrections employees . . . systemically depriving Plaintiff's entitlement to 'receive' an adequately balanced and nutritional Special (Vegetarian) diet as mandated by the dietary laws of Plaintiff's God-Centered Culture of the NGE, which Plaintiff avers is protected under the 1st Amend. U.S. Const. also, ODOC Policies and Procedures . . ., [and] State and Federal laws . . . ." Motion for Injunction, pp. 1-4.

## Analysis

The undersigned finds that Plaintiff's request for a preliminary injunction[1] should be denied for two reasons.

---

[1] Plaintiff's alternate request for a temporary restraining order became moot when Defendants received notice of the request through the court's electronic notification process. *See Robinson v. Carney*, No. CIV-07-236-C, 2007 WL 2156391, at *1 (W.D. Okla. July 26, 2007) (unpublished op.) ("Once the Defendants obtained notice and an opportunity to respond, the request for a temporary restraining order became moot." (citations omitted)).

First, Plaintiff asks the court to prevent Defendants[2] from depriving him of an adequately balanced diet; however, Plaintiff fails to describe in either the Amended Complaint or the Motion for Injunction how the meals at MACC meals are deficient. This is fatal to Plaintiff's request for injunctive relief because a preliminary injunction must be narrowly tailored and must describe in reasonable detail "the act or acts . . . required." Fed. R. Civ. P. 65(d)(C). Plaintiff's vague demand for a "Special (Vegetarian) diet," without a description of the deficiencies in his current diet which prison officials should be required to alter, is inadequate to put prison officials on notice of what act they are being required to perform. *See* 11A Charles Alan Wright, et al., Federal Practice & Procedure § 2955 (2d ed.) ("These prerequisites [requiring reasonable detail] are designed to protect those who are enjoined by informing them of what they are called upon to do or refrain from doing in order to comply with the injunction or restraining order."). In fact, the only specific demand that could be liberally construed from Plaintiff's Motion for Injunction is that Defendants should follow the law. But as the Tenth Circuit has held, "'injunctions simply requiring the

---

[2]     An injunction is only binding "upon the parties to the action . . ., [or] those persons in active concert or participation with them . . . ." Fed. R. Civ. P. 65(d). Here, the defendants are CWCCC employees, the DOC Director, and the DOC Director's Designee. *See* Amended Complaint, pp. 1-3. Plaintiff has not named any MACC employees as defendants and has not alleged that MACC officials are in "active concert or participation" with the CWCCC officials. Nor has he alleged that any of the CWCCC Defendants have the authority to enforce any order enjoining actions at MACC. Thus, the only defendant who could even arguably be bound by the injunction would be DOC Director Justin Jones. *See Williams v. Doyle*, 494 F. Supp. 2d 1019, 1024 (W.D. Wisc. 2007) ("a claim for injunctive relief can stand only against someone who has the authority to [enforce] it").

3

defendant to obey the law are too vague to satisfy Rule 65.'" *Shook v. Board of County Commissioners of County of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008) (citation omitted).

Second, a preliminary injunction involves intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, "the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

In both his Amended Complaint and his original Complaint, Plaintiff complains only about the specific actions of CWCCC officials and Defendants Jones and Morton's failure to remedy the alleged errors at CWCCC. *See* Amended Complaint, *passim*. Because Plaintiff has not alleged any inadequacy in his diet at MACC, he has not established a relationship between the preliminary injunction and the conduct asserted in the Amended Complaint. *See Little v. Jones*, No. CIV-07-177, 2008 WL 4283360, at *3 (E.D. Okla. Sept. 18, 2008) (unpublished op.) (finding that where alleged denial of a vegetarian diet occurred at a prior facility and plaintiff had not included allegations with respect to his diet at his current facility, the court found that plaintiff had not established a relationship between the injury claimed in the complaint and his request for injunctive relief against current facility), *affirmed in relevant part*, 607 F.3d at 1251.

**RECOMMENDATION**

It is therefore recommended that Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order [Doc. 10] be denied.

The parties are advised of their right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 1st day of November, 2012. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Entered this 12th day of October, 2012.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE