## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACEY HEMPHILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-1192-HE |
| | ) |
| JUSTIN JONES, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brings this action alleging violations of his civil rights while housed at the Clara Waters Community Correctional Center (CWCCC). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). At issue is Plaintiff's failure to serve Defendants Franklin and Teegarden. After careful consideration, the undersigned recommends dismissal of these individuals without prejudice.

Although *pro se*, Plaintiff was responsible for serving each Defendant with a summons and a copy of the Amended Complaint. *See* Fed. R. Civ. P. 4(c)(1); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that even though plaintiff was *pro se*, he was "obligated to follow the requirements of Fed. R. Civ. P. 4" (citation omitted)). On January 18, 2012, the undersigned informed Plaintiff of his duty to serve Defendants, *see* Order Requiring Service and Special Report [Doc. No. 15], and Plaintiff had 120 days to accomplish the task. *See* Fed. R. Civ. P. 4(m).

Regarding Defendants Franklin and Teegarden, Plaintiff's 120 days expired on May 17, 2012, and neither party has been served. Accordingly, the undersigned must determine whether the record reflects "good cause" for an extension of time. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

The first factor to be considered is whether the statute of limitations would bar refiling of the claims against Defendants Franklin and Teegarden. *See id.* at 842. Defendant Teegarden allegedly confiscated Plaintiff's religious medallion in December 2010. *See* Amended Complaint, p. 7 [Doc. No. 10]. And while it is unclear exactly what improper conduct Defendant Franklin allegedly performed or failed to perform, Plaintiff states that the contact with Defendant Franklin occurred in April 2011. *Id.*, p. 13. With a two-year limitations period for the Section 1983 claims,[1] Plaintiff would have until December 2012, to reassert his claim against Defendant Teegarden, and until April 2013, to refile suit against

---

[1] The period of limitations for a Section 1983 action is governed by the forum state's law for personal injury actions. *See Gee v. Pacheco*, 627 F.3d 1178, 1189-90 (10th Cir. 2010). In Oklahoma, the limitations period for Section 1983 actions is two years. *See* Okla Stat. tit. 12 § 95(A)(3) (2010 supp.); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

Defendant Franklin.[2]  With remaining time,[3] this factor weighs against an extension of time for service.

The second factor is whether Plaintiff has unsuccessfully attempted to serve the United States.  *See Espinoza*, 52 F.3d at 842.  Here, the lack of service does not involve the United States.

Third, the undersigned must consider whether Defendants Teegarden and Franklin are avoiding service.  *See Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997) ("Evasion of service has been held to constitute 'good cause.'" (citations omitted)).  Here, the record demonstrates that neither party is a current CWCCC employee.  *See* Special Report, Ex. 13 [Doc. No. 32].  Thus, it is unlikely that Defendants Teegarden and Franklin are even aware of the lawsuit.  In any event, the record does not include any evidence regarding evasion of service.

---

[2] For his claims arising under the Religious Land Use and Institutional Persons Act, Plaintiff would have four years from the date of the alleged violation to bring claims against Defendants Teegarden and Franklin.  *See Alamiin v. Miller*, No. CIV-08-1371-F, 2010 WL 3603150, at *20 (W.D. Okla. June 28, 2010) (unpublished recommendation by magistrate judge), *adopted*, 2010 WL 3604660 (W.D. Okla. Sept. 9, 2010).

[3] Additionally, because the Amended Complaint was timely filed and because there is no federal statute of limitations for § 1983, the Oklahoma savings statute would give Plaintiff one year after a dismissal to refile the claims against Defendants Franklin and Teegarden.  *See* Okla. Stat. tit. 12 § 100 (2011); *see also Brown v. Hartshorne Public School District No. 1,* 926 F.2d 959, 962 (10th Cir. 1991)(finding the limitations periods in § 1983 suits determinable by reference to appropriate state statute of limitations tolling rules, to include a state's savings provision) (citations omitted) (*abrogated on other grounds as stated in Keeler v. Cereal Food Processors*, 250 Fed. Appx. 857, 860-61 (10th Cir. 2007)).

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

The undersigned Magistrate Judge finds that Defendants Teegarden and Franklin have not been served and based on the factors discussed above, "good cause" does not exist for an extension of time to serve the parties. Thus, the undersigned recommends that Defendants Teegarden and Franklin be dismissed without prejudice.

The parties are advised of their right to object to this Report and Recommendation by November 5, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the Magistrate Judge in this matter.

ENTERED this 15 day of October, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE