# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACEY HEMPHILL, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-11-1192-HE |
| | ) |
| JUSTIN JONES, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Stacey Hemphill, a state prisoner appearing *pro se*, filed this § 1983 action alleging his constitutional rights were violated while he was incarcerated at the Clara Waters Community Correctional Center ("CWCCC"). The matter was referred to Magistrate Judge Bana Roberts for initial proceedings, consistent with 28 U.S.C. § 636(b)(1)(B) and (C). She has recommended that a motion for preliminary injunction filed by plaintiff be denied.

Liberally construing his motion, plaintiff asks the court to enjoin defendants, officers or employees of CWCCC and Department of Corrections Director Justin Jones and his designee, from depriving him of the diet mandated by his religious faith. However, because plaintiff's complaints pertain to meals he was previously served at CWCCC,[1] rather than his diet at Mack Alford Correctional Center, where he is currently incarcerated, the magistrate judge concluded plaintiff is not entitled to injunctive relief.

In his objection to the magistrate judge's Report and Recommendation, plaintiff asserts that the dietary issues he confronted at CWCCC have "been occurring for the last

---

[1]*Plaintiff was transferred from CWCCC to Mack Alford Correctional Center after he filed this action*

approximate (6) six-years in the ODOC." Plaintiff's objection p. 1. He asserts he has been subjected to "on-going denials of several 'vegetarian' diet trays," inadequate vegetarian diets and cross-contamination of "non-vegetarian permissible foods in the preparation, service and delivery of said vegetarian diet." *Id.* He contends defendants are failing to follow "the laws, statutory guidelines or their own policies and procedures" governing food service and special diets. *Id.* at p.2.

The problem is that the court cannot consider unsubstantiated allegations in plaintiff's objection as a basis for injunctive relief and the allegations, in both his amended complaint [Doc. #9] and in his motion for a preliminary injunction and its attached exhibits, pertain to plaintiff's diet while he was at CWCCC.[2] The court cannot enjoin prison officials at CWCCC for alleged past conduct at that institution. Accordingly, the court adopts the Report and Recommendation. Plaintiff's motion for preliminary injunction [Doc. #10] is **DENIED**.

Plaintiff also filed a motion on November 5, 2012 [Doc. #52], requesting leave to supplement an earlier response to the motion to dismiss/for summary judgment filed by defendants Jones and Morton. Those two defendants filed their motion [Doc. #31], on May 15, 2012. The Special Report was filed the same date. Plaintiff was given an extension of time to respond and he filed his response [Doc. #40] on August 3, 2012.[3] Defendants filed

---

[2]*To the extent there are allegations of a continuing violation of plaintiff's rights by DOC officials, they are too general to afford plaintiff injunctive relief.*

[3]*Plaintiff's response was due on July 16, 2012. On that date he filed another request for an extension. He then filed his response on August 3, 2012.*

their reply [Doc. #41] on August 17, 2012.  Plaintiff then filed an amended response [Doc. #42] on August 24, 2012, and, on September 28, 2012 [Doc. #44], sought leave to supplement that response, which was granted.  The magistrate judge issued her Report and Recommendation regarding defendant Jones and Morton's motion to dismiss/for summary judgment on October 31, 2012 [Doc. #50].

Plaintiff now essentially wants to file a reply brief and also wants to add additional claims and parties.  He states that he had intended to file a supplemental motion and brief in September when he supplemented his amended response, but could not, due to deficiencies in the law library services. He asserts that he had the pleading almost completed, but was unable to access it after he was placed in segregated housing on October 8, 2012.  He states he was later told that the document could not be located.

It is too late for plaintiff either to add additional claims and parties or assert further arguments regarding defendants' motion to dismiss/for summary judgment.  He does not contend that he has recently discovered evidence he needs to present to the court.  He also fails to explain why he was precluded from including the additional arguments he now wishes to make in one of his earlier responses.  Plaintiff was given sufficient time to respond to defendants' motion and was allowed to file an amended response and then supplement that.  Accordingly, plaintiff's motion for leave to supplement his amended response [Doc. #52] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 20th day of November, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE