**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STACEY HEMPHILL, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-11-1192-HE |
| ) | |
| JUSTIN JONES, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Stacey Hemphill, a state prisoner appearing *pro se*, filed this § 1983 action alleging his constitutional rights were violated while he was incarcerated at the Clara Waters Community Correctional Center ("CWCCC"). The matter was referred to Magistrate Judge Bana Roberts for initial proceedings, consistent with 28 U.S.C. § 636(b)(1)(B) and (C). She has recommended that motions to dismiss/for summary judgment filed by defendants Jones, Morton, Jackson, Young, Offaeili, Brown, Whitaker, Cooper and Schrader be granted in part, that some of plaintiff's claims and the claims against defendant Waldman be dismissed pursuant to 28 U.S.C. § 1915A screening and that the court decline supplemental jurisdiction over plaintiff's state law claims.[1]

Specifically, the magistrate judge concluded that defendants Jones, Morton and Young, who were sued in both their individual and official capacities, are entitled to Eleventh Amendment immunity to the extent plaintiff seeks monetary relief from them in their official capacities. She recommended that plaintiff's claim against defendant Waldman, who was

---

[1]*The magistrate judge noted that defendants sought dismissal under Fed.R.Civ.P. 12(b)(6), which is governed by the same standard as § 1915A.*

substituted for the "Unknown Employee" in the amended complaint, be dismissed after the preliminary screening required by 28 U.S.C. § 1915A, for failure to state a valid claim for relief. She determined that plaintiff's claims based on (1) a one-time denial of a vegetarian tray, (2) periodic contamination of his vegetarian tray with Jello, (3) retaliation and (4) conspiracy were unexhausted and should be dismissed without prejudice. Finally, she concluded that plaintiff's remaining federal claims for defendants' alleged (1) failure to provide a nutritionally adequate vegetarian diet, (2) violation of plaintiff's equal protection rights and (3) denial of access to the grievance process should be dismissed on screening for failure to state a claim. Because she recommended the dismissal of all plaintiff's federal claims, the magistrate judge suggested that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims in accordance with 28 U.S.C. §1367(c)(3) and dismiss those claims without prejudice.

Plaintiff has objected to the Report and Recommendation. He claims the magistrate judge erred in stating that he alleged only one denial of a vegetarian tray, citing his amended complaint and other pleadings. He states he was "subjected to several denials of a vegetarian diet tray." Plaintiff's objection, p.2. Even if the magistrate judge was in error as to the number of times plaintiff was not provided with a vegetarian tray, plaintiff did not effectively challenge the magistrate judge's determination that he had failed to exhaust that claim.

Although plaintiff objects to the magistrate judge's finding that he did not exhaust several of his claims, plaintiff offers no explanation as to why that determination was in error and ignores the fact that the magistrate judge relied on plaintiff's own statements in his

amended complaint to determine which claims had been exhausted.[2]

Plaintiff also contends that the magistrate judge failed to address his claim that he was wrongfully deprived of his "universal Flag of Islam." However, she explained in the Report and Recommendation that she did not address that claim because it was alleged exclusively against a party, Linda Teegarden, whose dismissal she had recommended based on defendant's failure to effect service. She concluded plaintiff could not, in his response brief, amend the claim to add additional defendants.[3]

Ms. Teegarden was dismissed by order entered on 11/20/12 [Doc. #55], for lack of service. As she was the only party alleged to have wrongfully deprived plaintiff of his "NGE-Cultural necklace and medallion, namely, 'Universal Flag of Islam,'" Amended Complaint, pp. 7, 21, the magistrate judge did not err when she did not address plaintiff's claim based on the flag. She also properly refused to consider plaintiff's attempt to add new defendants to the claim in a response brief.

Plaintiff also objects to the magistrate judge's determination that, to the extent he asserts a claim based on defendants' alleged violation of prison policy, the claim fails as a matter of law. He contends he did "point to specific policy but also Pl's request and

---

[2]*Plaintiff asserts that, contrary to the magistrate judge's conclusion, see Report and Recommendation, p. 8 n.7, he put defendants on "fair notice" of his jello contamination claim. The court agrees with the magistrate judge that plaintiff's claim was not sufficiently raised in plaintiff's grievances.*

[3]*The magistrate judge did not consider plaintiff's inclusion of additional defendants to be a motion to amend because plaintiff failed to include any specific allegations regarding those defendants' actions. Report and Recommendation, p. 3 n.4.*

grievances set forth that these Def. were reckless and deliberate in their pursuits and the ODOC policy has the force and effect of law." Objection, p. 3, ¶ 8.

The plaintiff's general objection does not allow the court to address the claim, assuming it was included in his amended complaint. Without knowing which policies plaintiff claims defendants violated or knowing how he was affected by the asserted violations, the court cannot determine whether plaintiff has alleged a violation of his constitutional rights. Allegations that an institution's employees have failed to follow its regulations and/or policies, without more, does not amount to a constitutional violation.

Although plaintiff objects to the magistrate judge's findings regarding immunity, the Eleventh Amendment clearly applies to protect defendants in their official capacities from plaintiff's claims for damages.

Plaintiff's remaining objection pertains to the magistrate judge's determination that the denial of an adequate meal on four occasions did not violate plaintiff's constitutional and statutory rights.[4] The court agrees with the magistrate judge that plaintiff's allegations "reflect a *de minimis* rather than a substantial burden on Plaintiff's religious exercise and therefore fail to state a violation of the [Religious Land Use and Institutionalized Persons Act] or the federal constitution." Report and Recommendation, p. 12.

Having considered plaintiff's objection and conducted a *de novo* review, the court

---

[4]*In his objection plaintiff also states, without discussion, that he was "retaliated against and subjected to reprisals." Objection, p. 4. The magistrate judge properly found that plaintiff failed to exhaust his retaliation claim.*

agrees with and adopts Magistrate Judge Roberts' Report and Recommendation. Accordingly, the motions filed by defendants Jones and Morton [Doc. #31] and defendants Jackson, Young, Offaeili, Brown, Whitaker, Cooper and Schrader [Doc. #37] are granted in part.[5] Plaintiffs' damages claims against defendants Jones, Morton and Young in their official capacities and his unexhausted claims – one-time denial of vegetarian tray on January 11, 2011, contamination of tray with jello, retaliation and conspiracy– are dismissed without prejudice. Plaintiff's exhausted claims – nutritionally inadequate vegetarian diet, equal protection violation and denial of access to grievance process – and claims against defendant Waldman are dismissed pursuant to 28 § 1915(e) screening. The court declines to exercise jurisdiction over plaintiff's remaining state law claims and dismisses those claims without prejudice. 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED**.

Dated this 11th day of February, 2013.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[5]The motions are granted insofar as they request dismissal on the basis of failure to exhaust and Eleventh Amendment immunity.